IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ERIC WHITNEY,                          )
                                       )
            Petitioner,                )
                                       )
v.                                     )          Case No. CIV-09-55-D
                                       )
JUSTIN JONES, ODOC DIRECTOR,           )
                                       )
            Respondent.                )

## <u>Report and Recommendation</u>

The Petitioner seeks federal habeas relief arising out of the use of escape points to restrict his credit level, and the Respondent moves for dismissal based on nonexhaustion of state administrative and judicial remedies.  The Petitioner has not exhausted administrative remedies, and the Court should order dismissal without prejudice.

Because the Petitioner is challenging execution of his sentence, the action falls under 28 U.S.C. § 2241.[1]  Under this statute, the petitioner must exhaust state administrative and judicial remedies.[2]  According to the Respondent, Mr. Whitney has not exhausted the grievance process or pursued a mandamus action.  The Court need not decide whether a mandamus remedy was available because Mr. Whitney has failed to complete the grievance process.

---

[1]    *See Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006) (holding that a state prisoner's habeas challenge to the use of escape points, to restrict his credit level, implicated 28 U.S.C. § 2241 because the claim involved execution of the sentence rather than validity of a conviction).

[2]    *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002).

The threshold issue is whether the grievance process created an administrative remedy.  It did.

Under the administrative procedure, "grievable issues" ordinarily include actions by staff and incidents occurring within the control of the Department of Corrections.[3] Exceptions exist, but none are applicable here.[4]

Under the procedure, the inmate must pursue informal resolution with a specified official, submit a request to staff if the issue remains unresolved, file a grievance if the inmate remains dissatisfied with the response, and file an appeal to the administrative review authority if the prisoner remains dissatisfied.[5]

Mr. Whitney did pursue informal resolution and filed a grievance.[6]  The Lawton Correctional Facility returned the grievance with a notation that stated:  "No informal action taken, 'Request to Staff' response."[7]  Mr. Whitney appealed and the state department of

---

[3]      Department of Corrections, Inmate/Offender Grievance Process at pp. 1-2 (eff. May 3, 2007).

[4]      Department of Corrections, Inmate/Offender Grievance Process at p. 2 (eff. May 3, 2007).

[5]      Department of Corrections, Inmate/Offender Grievance Process, OP-090124 at pp. 5-12 (eff. May 3, 2007).

[6]      Inmate/Offender Grievance Report Form, No. 08-739 (Oct. 23, 2008).

[7]      Lawton Correctional Facility, Response by Grievance Coordinator, Lawton Correctional Facility, Grievance No. 08-739 (Oct. 28, 2008).

corrections again returned the document, unanswered, for failure to attach a response to the request to staff.[8]

The resulting issue is whether the Plaintiff had satisfied the exhaustion requirement by filing the grievance. He did not.

Further administrative steps were available to Mr. Whitney. He could have resubmitted the grievance with the response to his request to staff. Or, if Mr. Whitney thought the response to his request to staff had been insufficient, he could have grieved the failure to respond. Mr. Whitney did not take either step. Instead, he abandoned his administrative efforts and filed suit.

According to Mr. Whitney, he lacked an administrative remedy because authorities had improperly failed to respond to the request to staff.[9] Mr. Whitney states that he had submitted a request to staff and that the sentence administrator responded only with a handwritten note.[10] The argument is invalid because the sentence administrator's handwritten note did constitute a response and Mr. Whitney could have grieved the alleged failure to respond to the request to staff.

---

[8]    Oklahoma Department of Corrections, Response by Debbie L. Morton, Director's Designee (Nov. 5, 2008).

[9]    Petitioner's Reply to Motion to Dismiss at p. 1 (Feb. 10, 2009).

[10]    Petitioner's Reply to Motion to Dismiss at p. 1 (Feb. 10, 2009).

The sentence administrator's handwritten notation did constitute an answer, which Mr. Whitney could have attached to the grievance.[11]

If the handwritten notation had not constituted a response, Mr. Whitney could have filed a grievance over the lack of an answer to his request to staff.  To do so, Mr. Whitney needed only to file a grievance over the failure to respond once he had waited 30 days for an answer to his request to staff.[12]  Mr. Whitney brought the present action rather than grieve the alleged lack of a response to his request to staff.  The failure to pursue this option independently constituted nonexhaustion of available administrative remedies.[13]

---

[11]     The grievance procedures state that staff "will respond in writing to all 'Request to Staff' forms being used to attempt informal resolution, within ten working days of receipt."  Department of Corrections, Inmate/Offender Grievance Process, OP-090124 at p. 5 (eff. May 3, 2007).  The procedures contemplate a response on the inmate's form.  *Id.*

[12]     The grievance procedures state:

> If there has been no response in 30 calendar days of submission, the inmate may file a grievance to the reviewing authority with evidence of submitting the "Request to Staff" to the proper staff member.  The grievance may assert only the issue of the lack of response to the request to staff.

Department of Corrections, Inmate/Offender Grievance Process, OP-090124 at p. 6 (eff. May 3, 2007).

[13]     *See Smith v. Beck*, 165 Fed. Appx. 681, 684-85 (10th Cir. Feb. 8, 2006) (unpublished op.) (holding that the lack of a response does not excuse a failure to exhaust administrative remedies because Oklahoma prisoners can "continue to appeal within the prison system even if they do not receive responses to their Requests to Staff"); *see also Muhammad v. Berry*, 198 Fed. Appx. 738, 739-40 (10th Cir. Oct. 4, 2006) (unpublished op.) (rejecting an Oklahoma prisoner's argument that he could not attach the request to staff because of the lack of a response).

In light of the failure to exhaust available administrative remedies, the Court should grant the Respondent's motion to dismiss. The dismissal, however, should be without prejudice to refiling.[14]

Any party may file written objections with the Clerk of the United States District Court.[15] The deadline for objections is April 13, 2009.[16] The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.[17]

The referral is terminated.

Entered this 23rd day of March, 2009.

Robert E. Bacharach
United States Magistrate Judge

---

[14]    *See Leacock v. Henman*, 996 F.2d 1069, 1071 (10th Cir. 1993).

[15]    *See* 28 U.S.C. § 636(b)(1).

[16]    *See* W.D. Okla. LCvR 72.1.

[17]    *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").